

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. AP-76,087

### EX PARTE CYNTHIA JANE SIMPLER, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W98-02963-S(A) IN THE 282ND JUDICIAL DISTRICT COURT
### FROM DALLAS COUNTY

*Per curiam*.

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the

clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte*

*Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated

assault of a public servant and sentenced to thirty-five years' imprisonment. The Fifth Court of

Appeals affirmed her conviction. *Simpler v. State*, No. 05-99-00478-CR (Tex. App. – Dallas,

December 12, 2000).

Applicant contends, *inter alia*, that her trial counsel rendered ineffective assistance because

counsel failed to object to the inclusion of a culpable mental state in the jury charge which was not

alleged in the indictment. The indictment charged that Applicant "knowingly and intentionally" caused bodily injury to a public servant. The jury charge allowed conviction if the jury found that Applicant acted "knowingly or intentionally or recklessly" in causing the bodily injury. During closing arguments, the prosecutor emphasized the reckless *mens rea*, asking the jury, "How on earth was what she did not - - not a gross deviation from the standard of conduct of an ordinary person?"

Trial counsel has submitted an affidavit, in which he defends his failure to object as a strategic decision:

> I did not object to the inclusion of the culpable mental state of "reckless" because of strategic reasons. I believed that if the jury had an option other than "knowingly or intentionally" to consider, there would be a strong possibility that the jury would hang.

But, the inclusion of a culpable mental state in the jury charge in addition to those alleged in the indictment increased the likelihood that the jury would find Applicant guilty, because there is no requirement that the jurors agree unanimously on which mental state Applicant had in order to find her guilty. The trial court has adopted the State's proposed findings, including the finding that counsel's failure to object to the jury charge "is irrelevant because the Applicant was not harmed by the inclusion of reckless in the charge." This finding is not supported by the record, which indicates that the prosecutor relied on the inclusion of recklessness in the charge during closing arguments.

Because counsel failed to object to the inclusion of a culpable mental state in the jury charge which was not alleged in the indictment, we find that counsel's performance was deficient. We also find that such ineffective representation prejudiced Applicant, because it allowed the prosecutor to argue that the jury should find Applicant guilty if her actions were reckless. We find, therefore, that

3

Applicant is entitled to a new trial. The judgment of conviction in Case No. W98-02963-S(A) from the 282nd Judicial District Court of Dallas County is set aside, and Applicant is remanded to the custody of the Dallas County Sheriff's Department to answer the indictment.

Delivered: February 4, 2009
Do Not Publish